GRIDKOR, LLC, et al.,             :

                            :

             Plaintiffs,     :    CIVIL ACTION

                            :

             v.          :    No. 5:23-cv-03563-JLS

                            :

IGOR GORBACH, et. al.,       :

                            :

             Defendants.    :

## DEFENDANT MILOS MITIC'S ANSWER TO VERIFIED COMPLAINT

Defendant Milos Mitic ("Mitic"), by and through his undersigned counsel, answer the Verified Complaint ("Complaint") filed by Plaintiffs Gridkor, LLC and Gridkor Tracking and Logistics, LLC, as follows:

1.      Denied.  Mitic never induced Gridkor to enter into any contracts.

2.      Denied.  Mitic never misrepresented operations or assets of the companies.  The contract speaks for itself.

3.      Denied.  Mitic reviewed contracts but did not sign them.  Mitic initialed but never signed the promissory note and initials were to indicate only that he had read it.

4.      Denied.  The contract speaks for itself.

5.      Denied.  Mitic never misrepresented or concealed anything.  Mitic never knew anything about MGM at the time.  Mitic never worked for MGM.

6.      Denied.  Mitic did not sign the agreement or promissory note and did not agree.

7.      Denied.  The averments in Paragraph 7 contain conclusions of law to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 7 is necessary, Mitic denies those averments.

1

8. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 8 of Plaintiffs' Complaint.

9. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 9 of Plaintiffs' Complaint.

10. Admitted in part, denied in part. It is admitted that Gorbach conducted business at 9883 Old US 22 in Breinigsville, PA 18031. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.

11. Admitted in part, denied in part. It is admitted that Collins conducted business at 9883 Old US 22 in Breinigsville, PA 18031. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. Admitted in part, denied in part. It is admitted that Maydanskyy conducted business at 9883 Old US 22 in Breinigsville, PA 18031. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. Admitted in part, denied in part. It is admitted that Matcharashvili conducted business at 9883 Old US 22 in Breinigsville, PA 18031. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. Admitted. Mitic conducted business at 9883 Old US 22 in Breinigsville, PA 18031. Mitic no longer conducts business in Pennsylvania.

15. Denied. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Denied. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. Denied. Mitic never held himself out as operating MGM. Mitic never knew anything about MGM at the time. Mitic never worked for MGM.

18. Denied as a conclusion of law. The averments in Paragraph 18 contain conclusions of law to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 18 is necessary, Mitic denies those averments.

19. Denied as a conclusion of law. The averments in Paragraph 19 contain conclusions of law to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 19 is necessary, Mitic denies those averments.

20. Denied as a conclusion of law. The averments in Paragraph 20 contain conclusions of law to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 20 is necessary, Mitic denies those averments.

21. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 28 of Plaintiff's Complaint. By way of further answer, Mitic never met the principals of Gridkor until December 2022.

29. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43.     Denied. Mitic specifically denies that he ever saw or signed the September 1, 2022 Agreement marked as Exhibit 4. Said Agreement misspells Mitic's first name as "Milo" instead of Milos. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 43 of Plaintiffs' Complaint and therefore denies the same.

44.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45.     Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 45 of Plaintiff's Complaint and therefore denies the same.

46. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 46 of Plaintiff's Complaint and therefore denies the same.

47. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48. Admitted in part, denied in part. After Mitic met with Plaintiffs' principals, he told them he would gladly work for them, but no specific company was mentioned. Mitic made positive comments about conducting business with FedEx and that he was capable of managing FedEx accounts. No representations were made by Mitic regarding the profit percentage. Mitic made no representations to Plaintiffs' principals. Plaintiffs' principals promised they would be taking their company public and convert the "fleet" to all electric vehicles within two (2) years.

49. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 50 of Plaintiff's Complaint and therefore denies the same.

51. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 51 of Plaintiff's Complaint and therefore denies the same.

52. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 52 of Plaintiff's Complaint and therefore denies the same.

53. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 53 of Plaintiff's Complaint and therefore denies the same.

54. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 54 of Plaintiff's Complaint and therefore denies the same.

55. Denied. Mitic made no representations to Plaintiffs' principals. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 55 of Plaintiff's Complaint and therefore denies the same.

56. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 56 of Plaintiff's Complaint and therefore denies the same.

57. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 57 of Plaintiff's Complaint and therefore denies the same. The Agreement speaks for itself.

58. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 58 of Plaintiff's Complaint and therefore denies the same. The Agreement speaks for itself.

59. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 59 of Plaintiff's Complaint and therefore denies the same. The Agreement speaks for itself.

60. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 60 of Plaintiff's Complaint and therefore denies the same.

61. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 61 of Plaintiff's Complaint and therefore denies the same. The Agreement speaks for itself.

62. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 62 of Plaintiff's Complaint and therefore denies the same.

63. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 63 of Plaintiff's Complaint and therefore denies the same.

64.     Denied.  Mitic did not fail to deliver on any promises because he did not make any promises.  Kevin from Gridkor became an authorized user and had electronic access to all the accounts, including Xpress Logistics. Mitic is without knowledge or information sufficient to admit or deny the remaining averments in Paragraph 64 of Plaintiff's Complaint and therefore denies the same.

65.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 65 of Plaintiff's Complaint and therefore denies the same.

66.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 66 of Plaintiff's Complaint and therefore denies the same.

67.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 67 of Plaintiff's Complaint and therefore denies the same.

68.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 68 of Plaintiff's Complaint and therefore denies the same.

69.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 69 of Plaintiff's Complaint and therefore denies the same.  By way of further answer, FedEx's peak season went from around November 15th to about January 15th, when they pay extra money per mile.  In January, peak season was over.

70.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 70 of Plaintiff's Complaint and therefore denies the same.

71.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 71 of Plaintiff's Complaint and therefore denies the same.

72.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 72 of Plaintiff's Complaint and therefore denies the same.

73. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 73 of Plaintiff's Complaint and therefore denies the same.

74. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 74 of Plaintiff's Complaint and therefore denies the same.

75. Denied. Revenues for Xpress Logistics trucks went to pay expenses, under the supervision of Plaintiffs' onsite representative Kevin.

76. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 76 of Plaintiff's Complaint and therefore denies the same. By way of further answer, Mitic does not recall what was said specifically.

77. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 77 of Plaintiff's Complaint and therefore denies the same.

78. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 78 of Plaintiff's Complaint and therefore denies the same.

79. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 79 of Plaintiff's Complaint and therefore denies the same.

80. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 80 of Plaintiff's Complaint and therefore denies the same.

81. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 81 of Plaintiff's Complaint and therefore denies the same.

82. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 82 of Plaintiff's Complaint and therefore denies the same.

83. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 83 of Plaintiff's Complaint and therefore denies the same.

84. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 84 of Plaintiff's Complaint and therefore denies the same. By way of further answer, Mitic did not misrepresent anything.

85. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 85 of Plaintiff's Complaint and therefore denies the same. By way of further answer, Mitic did not deceive anyone.

86. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 86 of Plaintiff's Complaint and therefore denies the same.

87. Admitted in part, denied in part. It is admitted that Mitic read and initialed the April 6, 2023 Agreement, but he did not sign it or agree to any of the promises made in that Agreement. Plaintiffs' principals told Mitic that his initials merely meant that he had read it.

88. Denied. The Agreement speaks for itself.

89. Denied. The Agreement speaks for itself.

90. Denied. The Agreement speaks for itself.

91. Denied. The Agreement speaks for itself.

92. Denied. The Agreement speaks for itself.

93. Denied. The Agreement speaks for itself.

94. Denied. The Agreement speaks for itself.

95. Denied. The Agreement speaks for itself.

96. Denied. Mitic only initialed the April 6, 2023 Agreement and promissory note with his name on it. He did not sign the Agreement or the promissory note or make any promises set forth in them. Plaintiffs' principals told Mitic that initialing the documents merely meant that he had read them. By way of further answer, Plaintiffs' principals coerced Mitic and

10

the others to sign the Agreement and promissory notes under the threat of not leaving until these documents were signed.

97.     Denied.  The Agreement speaks for itself.

98.     Denied.  The Agreement speaks for itself.  Mitic never signed the Agreement or the promissory note with his name on it.

99.     Denied.  The Agreement speaks for itself.

100.    Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 100 of Plaintiff's Complaint and therefore denies the same.

101.    Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 101 of Plaintiff's Complaint and therefore denies the same.

102.    Admitted in part, denied in part.  It is admitted that there was an accident involving a PSI truck in Wisconsin.  Through a clerical error, the truck was inadvertently not insured.  After the closing of the April 6, 2023 Agreement, Plaintiffs had taken over all ownership and control of PSI, including the insurance.  As such, Plaintiffs could have and should have verified that all of PSI's trucks were covered by insurance.

103.    Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 103 of Plaintiff's Complaint and therefore denies the same.

104.    Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 104 of Plaintiff's Complaint and therefore denies the same.  Mitic has no recollection of the date of the meeting.

105.    Admitted in part, denied in part.  Mitic admits there was a meeting at which he disclosed that FedEx had suspended all routes for Cha Cha, Xpress, Victoria, and HEB and was reviewing its relationship with those four companies and PSI.  By way of further answer, or

11

about April 12, 2023, pursuant to its option in the April 6, 2023 Agreement to take ownership of Xpress, Plaintiffs took exclusive control over all of Xpress's bank accounts and exclusive online account access for FedEx and all bank accounts.

106. Admitted in part, denied in part. Mitic admits that there was a meeting at which payment of $300,000 under the April 6, 2023 Agreement was discussed. Mitic was not obligated to pay the money because he did not sign the Agreement or the promissory note.

107. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 107 of Plaintiff's Complaint and therefore denies the same.

108. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 108 of Plaintiff's Complaint and therefore denies the same.

109. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 109 of Plaintiff's Complaint and therefore denies the same.

110. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 110 of Plaintiff's Complaint and therefore denies the same.

111. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 111 of Plaintiff's Complaint and therefore denies the same. By way of further answer, Mitic was not obligated to pay the money because he did not sign the Agreement or the promissory note.

112. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 112 of Plaintiff's Complaint and therefore denies the same. By way of further answer, Mitic was not obligated to pay the money because he did not sign the Agreement or the promissory note.

113.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 113 of Plaintiff's Complaint and therefore denies the same.  By way of further answer, Mitic was not obligated to pay the money because he did not sign the Agreement or the promissory note.

114.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 114 of Plaintiff's Complaint and therefore denies the same.  By way of further answer, Mitic was not obligated to pay the money because he did not sign the Agreement or the promissory note.

115.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 115 of Plaintiff's Complaint and therefore denies the same.  By way of further answer, Mitic was not obligated to pay the money because he did not sign the Agreement or the promissory note.

116.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 116 of Plaintiff's Complaint and therefore denies the same.  By way of further answer, Mitic was not obligated to pay the money because he did not sign the Agreement or the promissory note.

117.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 117 of Plaintiff's Complaint and therefore denies the same.

118.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 118 of Plaintiff's Complaint and therefore denies the same.

119.     Denied.  Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 119 of Plaintiff's Complaint and therefore denies the same.

120.     Admitted.  FedEx terminated its relationships with Cha Cha, Xpress, Victoria, and HEB.

121.     Denied.

122.     Denied.

123.     Denied.

<strong><u>COUNT I</u></strong><br><strong><u>ALLEGED UNJUST ENRICHMENT</u></strong><br><strong><u>All Defendants</u></strong>

124.     Paragraph 124 is an incorporation paragraph to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 124 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 123 above as though set forth at length herein.

125.     Denied.

126.     Denied.

127.     Denied.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

**COUNT II**
**ALLEGED CIVIL CONSPIRACY**
**All Defendants**

133. Paragraph 133 is an incorporation paragraph to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 133 is necessary, Defendant Mitic restates and incorporates by reference his responses in Paragraphs 1 through 132 above as though set forth at length herein.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

**COUNT III**
**ALLEGED FRAUD**
**Igor Gorbach**

139. Paragraph 139 is an incorporation paragraph to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 139 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 138 above as though set forth at length herein.

140. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

141. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

142. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

15

143. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

144. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

145. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

146. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

**COUNT IV**
**ALLEGED FRAUD**
**William Collins**

147. Paragraph 147 is an incorporation paragraph to which no responsive pleading is required. To the extent that the Court determines a response to Paragraph 147 is necessary, Mitic restates and incorporates by reference his responses in Paragraph 1 through 146 above as though set forth at length herein.

148. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

149. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

150. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

151. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

152. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

153.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

154.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

**COUNT V**
**ALLEGED FRAUD**
**Ucha Matcharashvili**

155.   Paragraph 155 is an incorporation paragraph to which no responsive pleading is required.  To the extent that the Court determines a response to Paragraph 155 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 154 above as though set forth at length herein.

156.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

157.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

158.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

159.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

160.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

161.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

162.   Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

## COUNT VI
## ALLEGED FRAUD
## Oleksandr Maydanskyy

163. Denied.  Paragraph 163 is an incorporation paragraph to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 163 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 162 above as though set forth at length herein.

164. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

165. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

166. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

167. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

168. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

169. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

170. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

**COUNT VII**
**ALLEGED FRAUD**
**Milos Mitic**

171.     Paragraph 171 is an incorporation paragraph to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 171 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 170 above as though set forth at length herein.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Denied.

176.     Denied.

177.     Denied.

178.     Denied.

**COUNT VIII**
**ALLEGED FRAUD**
**Pavlo Tupychak**

179.     Paragraph 179 is an incorporation paragraph to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 179 is necessary, Mitic restates and incorporates by reference his responses to Paragraphs 1 through 178 above as though set forth at length herein.

180.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

181.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

182.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

183.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

184.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

185.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

186.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

**COUNT IX**
**ALLEGED FRAUD**
**Jonathan Jacobs**

187.     Paragraph 187 is an incorporation paragraph to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 187 is necessary, Mitic restates and incorporates by reference his responses to Paragraphs 1 through 186 above as if set forth at length herein.

188.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

189.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

190.     Denied.  The averments in this paragraph do not relate to Mitic and therefore no response is required.

191. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

192. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

193. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

194. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

**COUNT X**
**CLAIM TO ENFORCE PROMISSORY NOTE**
**Igor Gorbach**

195. Denied. Paragraph 195 is an incorporation paragraph to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 195 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 194 above as though set forth at length herein.

196. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

197. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

198. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

## COUNT XI
## CLAIM TO ENFORCE PROMISSORY NOTE
## William Collins

199. Paragraph 199 is an incorporation paragraph to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 199 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 198 above as though set forth at length herein.

200. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

201. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

202. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

## COUNT XII
## CLAIM TO ENFORCE PROMISSORY NOTE
## Oleksandr Maydanskyy

203. Denied. Paragraph 203 is an incorporation paragraph to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 203 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 202 above as though set forth at length herein.

204. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

205. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

206. Denied. The averments in this paragraph do not relate to Mitic and therefore no response is required.

22

**COUNT XIII**
**CLAIM TO ENFORCE PROMISSORY NOTE**
**Milos Mitic**

207. Paragraph 207 is an incorporation paragraph to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 207 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 206 above as though set forth at length herein.

208. Denied. Mitic initialed but did not sign the promissory note and never agreed to be bound by its terms.

209. Denied. Mitic is without knowledge or information sufficient to admit or deny the averments in Paragraph 209 of Plaintiff's Complaint and therefore denies the same. By way of further answer, Mitic was not obligated to pay the money because he did not sign the April 6, 2023 Agreement or the promissory note and never agreed to be bound by their terms.

210. Denied. Mitic initialed but did not sign the promissory note and never agreed to be bound by its terms. Therefore, he is not jointly and severally liable for any amounts allegedly due to Plaintiffs under the April 6, 2023 Agreement.

**COUNT XIV**
**CLAIM TO ENFORCE PROMISSORY NOTE**
**Ucha Matcharashvili**

211. Paragraph 211 is an incorporation paragraph to which no responsive pleading is required. To the extent the Court determines a response to Paragraph 211 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 210 above as though set forth at length herein.

212. Denied. Mitic initialed but did not sign the promissory note and never agreed to be bound by its terms.

23

213.    Denied.  Mitic initialed but did not sign the promissory note and never agreed to be bound by its terms.

214.    Denied.  The averments in Paragraph 214 contain conclusions of law to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 7 is necessary, Mitic denies those averments.

## COUNT XV
## ALLEGED VIOLATION OF PENNSYLVANIA SECURITIES ACT
### All Defendants

215.    Paragraph 215 is an incorporation paragraph to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 215 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 214 above as though set forth at length herein.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    Denied.

## COUNT XVI
### (in the alternative)
## CLAIM FOR ALTER EGO LIABILITY FOR ALLEGED BREACH OF CONTRACT
### Igor Gorbach, William Collins, Oleksandr Maydanskyy,
### Milos Mitic, and Ucha Matcharashvili

221.    Paragraph 221 is an incorporation paragraph to which no responsive pleading is required.  To the extent the Court determines a response to Paragraph 221 is necessary, Mitic restates and incorporates by reference his responses in Paragraphs 1 through 220 above as though set forth at length herein.

222.    Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

## AFFIRMATIVE DEFENSES

231. Plaintiffs fail to state a claim against Mitic upon which relief can be granted.

232. The relief sought against Mitic is barred by Plaintiffs' own material breach of their contractual obligations.

233. The relief sought against Mitic is barred by the doctrines of laches, estoppel, and waiver.

234. The relief sought against Mitic is barred by the doctrine of unclean hands.

235. Mitic's good-faith conduct does not warrant punitive damages.

236. Plaintiffs failed to mitigate any damages allegedly sustained.

## RESERVATION OF RIGHTS

237. Mitic reserves the right to assert any defense not expressly stated herein that may become available to him as facts are determined over the course of discovery.

Respectfully submitted,

Dated: August 14, 2024          **SMITH BUKOWSKI, LLC**

By: /s/ Jeffrey D. Bukowski  
Jeffrey D. Bukowski, Esquire  
Attorney I.D. No. 76102  
JBukowski@SmithBukowski.com  
1050 Spring Street, Suite 1  
Wyomissing, PA 19610  
(610) 685-1600

*Attorneys for Defendants Igor Gorbach,*  
*William Collins, Oleksandr Maydanskyy, Ucha*  
*Matcharashvili, Milos Mitic, and Pavlo Tupychak*

## **VERIFICATION**

I, Milos Mitic, verify that the within Defendant Milos Mitic's Answer to Complaint are true and correct to the best of my knowledge, information, and belief, or based on a review of publicly available documents or records readily available to me. I also understand that false statements herein are made subject to the penalties of 18 P.S. § 4904 relating to unsworn falsification to authorities.

Dated: July 31, 2024

MILOS MITIC