# EXHIBIT 11

**SMITH BUKOWSKI, LLC**
Jeffrey D. Bukowski, Esquire
Attorney I.D. No. 76102
JBukowski@SmithBukowski.com
1050 Spring Street, Suite 1
Wyomissing, PA 19610
(610) 685-1600

*Attorney for Defendants Igor Gorbach,*
*William Collins, Oleksandr Maydanskyy, Ucha*
*Matcharashvili, Milos Mitic, and Pavlo Tupychak*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRIDKOR, LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 5:23-cv-03563-JLS |
| IGOR GORBACH, et al., | : | |
| | : | |
| Defendants | : | |

### DEFENDANT WILLIAMS COLLINS' OBJECTIONS AND RESPONSES TO GRIDKOR LLC'S INTERROGATORIES REGARDING INJUNCTION ORDER

Defendant, William Collins submits his objections and responses to Plaintiffs' Interrogatories dated June 15, 2024 directed to him as follows:

**INTERROGATORY NO. 1:** Identify each bank account, brokerage account, savings account, checking account, or digital currency account which you, your spouse, other family member, or girlfriend own(s), whether directly or through an entity or business in which you,

1

your spouse, family member or girlfriend has an ownership interest.

**Answer:** **Mr. Collins objects to this interrogatory as beyond the scope of permissible discovery because, as written, it encompasses information about accounts of a spouse or family members in which Mr. Collins has no legal or beneficial interest, and information regarding business activities and bank accounts of non-parties that are unrelated to the transactions at issue in this action; thus, the requested information is not relevant to the claims or defenses at issue in this action or compliance with the Court's September 18, 2023 preliminary injunction Order. Mr. Collins also objects to this interrogatory and expressly reserves all his rights and arguments relating to the validity— or lack thereof—of the Court's September 18, 2023 preliminary injunction order as set forth in Mr. Collins' motion to dissolve the Order and for other reasons.[1]**

---

[1] **Among other reasons, the Court's September 18, 2023 preliminary injunction Order is unenforceable to the extent it was improvidently granted and of no legal effect because the Court lacks subject matter jurisdiction over this action. Moreover, that Order is unenforceable because it was issued *ex parte*, without the requisite showing, and fails to comply with the requirements of Fed. R. Civ. P. 52(a)(2) and 65(d). Rule 52(a)(2) provides that, "[i]n granting or refusing an interlocutory injunction," a district court must "state the findings and conclusions that support its action." Meanwhile, Rule 65(d)—entitled, in relevant part, "Contents and Scope of Every Injunction"—specifies that "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail . . . the act or acts restrained or required." *Wudi Indus. (Shanghai) Co. v. Wong*, 70 F.4th 183, 189 (4th Cir. 2023) (citing *Int'l Longshoremen's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 75, 88 S. Ct. 201, 207-08 (1967)).**

**The reason for these mandatory requirements is because appellate courts are entitled to understand the underpinnings of an injunction order and, without specificity, "review of an injunctive order is 'greatly complicated, if not made impossible.'" *Id.* (citing *CPC Intern., Inc. v. Skippy*, 214 F.3d 456, 459 (4th Cir. 2000) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 477, 94 S. Ct. 713, 715-16 (1974)). Rule 65(d) thus "serves the twin purposes**

*(Text of footnote continued on next page . . . )*

2

Subject to and without waiving those objections, there are two responsive bank accounts: (1) A business bank account for Mr. Route Inc., a New York corporation formed in 1984 ("Mr. Route"), Dime Bank account number ending 7720 for; (2) a personal bank account for Mr. Collins, Dime Bank account number ending 2913.

**INTERROGATORY NO. 2:** For each account identified in Interrogatory 1, state the current balance in such account.

Answer: Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here. Subject to and without waiving those objections, after making the July 1, 2024 rent payment, the balance in Mr. Collins' personal Dime Bank account number ending 2913 will be approximately $1,000.00; and the balance in the Mr. Route Dime Bank account number ending 7720 will be approximately $1,400.00.

---

of providing fair notice of what an injunction requires and of facilitating appellate review." *Id.*

In addition to complying with the above Rules of Civil Procedure, because injunctive relief is a "drastic and extraordinary remedy" to be utilized sparingly, the district court is duty bound to ensure that the party seeking injunctive relief has made the requisite showings, including: (1) that it has suffered an irreparable injury, (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) that the public interest would not be disserved by a permanent injunction. *Wudi Indus.*, 70 F.4th at 190 (4th Cir. 2023) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006)).

Finally, the Court's September 18, 2023 preliminary injunction Order should be dissolved or modified because it is an impermissible prejudgment attachment, and the amount of the bond set is too low given the broad scope of relief set forth in the Order.

**INTERROGATORY NO. 3:**  For each account identified in Interrogatory 1, identify each beneficial owner and account holder.

**Answer:  Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here.  Subject to and without waiving those objections, Mr. Route Inc. is the beneficial owner and account holder for the Dime Bank account number ending 7720. Mr. Collins is the beneficial owner and account holder for the Dime Bank account number ending 2913.**

**INTERROGATORY NO. 4:**  For each account identified in Interrogatory 1, state the name, address, account numbers for each account and the name, address and telephone number of the institution or business entity that possesses the account.

**Answer:  Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here.  Subject to and without waiving those objections, the address on Mr. Route's Dime Bank account is 187 Newbridge Rd, North Bellmore, NY 11710.  The address on Mr. Collins' personal Dime Bank account is 11 Beechwood Place, Massapequa Park, NY 11762.  Dime Bank's business address for the above accounts is 898 Veterans Memorial Highway, Suite 560, Hauppauge, NY 11788.**

**INTERROGATORY NO. 5:**  Identify each bank account, brokerage account, or digital currency account to which you, or any entity in which you have had an interest, has deposited money or from which you or any entity in which you have had an interest has withdrawn money during the period September 18, 2023, to the present.

**Answer:  Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here.  Subject to and without waiving those objections, both of the above Dime Bank accounts have had deposits or withdrawals since September 18, 2023.**

**INTERROGATORY NO. 6:** Identify each purchase you have made since September 18, 2023, that was in addition to ordinary living expenses, such as food, rent, residential mortgage, clothing and medical expenses, if the purchase was in exceeded five-thousand dollars ($5,000.00) in value.

**Answer:  Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here.  Mr. Collins also objects to this interrogatory as overly burdensome and unduly harassing.  Subject to and without waiving those objections, Mr. Collins did not make any purchases for personal living expenses from either of the above Dime Bank accounts after September 18, 2023 that exceeded $5,000.00; there was a withdrawal of $7,500.00 from the Mr. Route Dime Bank account number ending 7720 on 10/6/2023 for Mr. Collins' payment of first and last month's rent and a security deposit on his residence.**

**INTERROGATORY NO. 7:** Identify any business transactions for the sale of trucks or truck routes in which you have been involved, either directly or through an entity in which you have had an interest, since September 18, 2023.

**Answer:  Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here.  Subject to and without waiving those objections, BOI Management Inc. ("BOI"), a New York corporation in which Mr. Collins has an ownership interest, engaged in the following transactions related to the sale of truck routes since September 18, 2023:  (1) BOI obtained a $100,000 loan on 9/5/2023, which was repaid on 11/8/2024; (2) BOI was paid $500,000 on 9/25/2023; and (3) BOI was paid $668,000 on 11/8/2023. Each of those transactions flowed through the Mr. Route Dime Bank account number ending 7720.  Mr. Collins objects to providing the identity of the counterparties to the above transactions because that information is confidential and proprietary.  Subject to**

5

**and without waiving this objection, because Plaintiffs are already aware of his identity, Mr. Collins is willing to identify Jorge Aragon as BOI's counterparty to the $500,000 transaction on 9/25/2023.**

**INTERROGATORY NO. 8:** State whether you have caused any money to be paid to Defendant Jonathan Jacobs, his spouse or any entity controlled by him or his spouse, since September 18, 2023. If so, state the amounts and dates when such amounts were paid.

**Answer: Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here. Subject to and without waiving those objections, Mr. Collins caused $200,000 to be paid by wire transfer to Jonathan Jacobs on 11/8/2023 from the Mr. Route account number ending 7720.**

**INTERROGATORY NO. 9:** State whether you engaged in any business with a person named Jorge Aragon since September 18, 2023.

**Answer: Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here. Subject to and without waiving those objections, Mr. Collins did not personally engage in any business with Jorge Aragon. BOI engaged in business with Jorge Aragon since September 18, 2023.**

**INTERROGATORY NO. 10:** State the amount of money or other consideration of any kind that you, or any entity in which you had or have an interest, received from Jorge Aragon since September 18, 2023.

**Answer: Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here. Subject to and without waiving those objections, BOI engaged in business with Jorge Aragon involving payment of $500,000 on 9/25/2024. See the response to Interrogatory 7 above.**

**INTERROGATORY NO. 11:** State what you or any entity in which you had an interest *did* with the money or other consideration you or any entity in which you had an interest received from Jorge Aragon.

**Answer: Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here. Subject to and without waiving those objections, BOI used the cash it received from its transaction with Mr. Aragon to paid amounts it owed to creditors.**

**INTERROGATORY NO. 12:** State whether you or any entity in which you had an interest transferred money or any asset with a value greater than $10,000 to any other person or entity since September 18, 2023. If so, identify each such transaction by stating the amount of cash or cash equivalent property or identify the precise asset you transferred and when you or any entity in which you had an interest transferred it.

**Answer: Mr. Collins incorporates his objections in Paragraph 1 above as though set forth at length here. Subject to and without waiving those objections, Mr. Collins caused $200,000 to be transferred to Jonathan Jacobs on 11/8/2023 as described in the response to Interrogatory 8 above. In addition, Mr. Collins caused additional transfers with a value greater than $10,000 to be made after September 18, 2023. Mr. Collins objects to providing the identity of the counterparties to the above transactions because that information is confidential and proprietary. Subject to and without waiving this objection, because Plaintiffs are already aware of his identity, Mr. Collins is willing to identify Jorge Aragon as BOI's counterparty to the $500,000 transaction on 9/25/2023. Mr. Collins will produce redacted copies of the bank account statements reflecting these transfers.**

**By way of further answer, on September 18, 2023, the date the Court's preliminary injunction Order was entered, the account balance in the Mr. Route Dime Bank account**

**number ending 7702 was negative ($200.00).  The account balance in Mr. Collins' personal**

**Dime Bank account number ending 2913 on September 18, 2023 was $251.37.**

Dated:  July 2, 2024

By:   <u>/s/ Jeffrey D. Bukowski</u>
     **SMITH BUKOWSKI, LLC**
     Jeffrey D. Bukowski, Esquire
     Attorney I.D. No. 76102
     JBukowski@SmithBukowski.com
     1050 Spring Street, Suite 1
     Wyomissing, PA 19610
     (610) 685-1600

*Attorney for Defendants Igor Gorbach,*
*William Collins, Oleksandr Maydanskyy, Ucha*
*Matcharashvili, Milos Mitic, and Pavlo Tupychak*

DocuSign Envelope ID: 000A08D0-309C-4992-B0CF-0E90FA02A5EB

## <u>VERIFICATION</u>

I, William Collins, verify under penalty of perjury that the facts set forth in the foregoing responses to Plaintiffs' Interrogatories dated June 15, 2024 directed to me are true and correct to the best of my knowledge, information, and belief.

Executed on July 2, 2024

DocuSigned by:

B8BF07B2521D424...

WILLIAM COLLINS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRIDKOR, LLC, et al.,  :
                          :
           Plaintiffs,  :
                          :       CIVIL ACTION
       v.                :
                          :       No. 5:23-cv-03563-JLS
IGOR GORBACH, et al.,  :
                          :
           Defendants  :

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the below date he served or caused to be served

the foregoing document on all counsel of record in this action by email to the email addresses

below:

| **Counsel for Plaintiffs** | **Counsel for Defendant Jonathan Jacobs** |
|---|---|
| Daniel Marino, Esquire | Adria Lamba, Esquire |
| dmarino@marinofinley.com | adria.lamba@hklaw.com |
| Tillman J. Finley, Esquire | James E. Delbello, Jr., Esquire |
| tfinley@marinofinley.com | james.delbello@hklaw.com |

Dated: July 2, 2024                          **SMITH BUKOWSKI, LLC**

                                   By:  /s/ Jeffrey D. Bukowski
                                       Jeffrey D. Bukowski, Esquire
                                       Attorney I.D. No. 76102
                                       JBukowski@SmithBukowski.com
                                       1050 Spring Street, Suite 1
                                       Wyomissing, PA 19610
                                       (610) 685-1600

                                       *Attorney for Defendants Igor Gorbach,*
                                       *William Collins, Oleksandr Maydanskyy, Ucha*
                                       *Matcharashvili, Milos Mitic, and Pavlo Tupychak*