**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRIDKOR, LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 5:23-cv-03563-JLS |
| | : | |
| IGOR GORBACH, et. al., | : | |
| | : | |
| Defendants. | : | |

**BRIEF OF DEFENDANTS IGOR GORBACH, WILLIAM COLLINS, OLEKSANDR MAYDANSKYY, UCHA MATCHARASHVILI, MILOS MITIC, AND PAVLO TUPYCHAK IN OPPOSITION TO PLAINTIFF'S MOTION TO SHOW CAUSE SEEKING TO HOLD THEM IN CONTEMPT FOR ALLEGED VIOLATIONS OF THE COURT'S SEPTEMBER 18, 2023 PRELIMINARY INJUNCTION ORDER**

Defendants Igor Gorbach, William Collins, Oleksandr Maydanskyy, Ucha Matcharashvili, Milos Mitic, and Pavlo Tupychak ("Responding Defendants"), by and through their undersigned counsel Smith Bukowski, LLC, submit their brief in opposition to Plaintiffs' August 26, 2024 Motion to Show Cause (doc. 89), which asks this Court to hold Responding Defendants in contempt for alleged violations of the Court's September 18, 2023 preliminary injunction order (doc. 11).[1]

Responding Defendants' prior counsel AndrewOn October 12, 2023, Attorney Ralston filed Responding Defendants' Motion for Reconsideration of the Court's preliminary injunction order (doc. 34). The Court scheduled a telephone status conference for December 1, 2023 to discuss, among other things, the status of the parties' discussions on Responding Defendants'

---

[1] The Court's September 18, 2023 preliminary injunction order (doc. 11) was entered by the Honorable Edward G. Smith before his untimely passing on November 27, 2023, after which this action was reassigned to the Honorable Jeffrey L. Schmehl.

Motion for Reconsideration of the Court's preliminary injunction order. (Doc. 37.) On November 27, 2023, the Court issued an order canceling the December 1, 2023 telephone status conference (doc. 49), and Responding Defendants' Motion for Reconsideration was never ruled upon. Responding Defendants are entitled to a ruling on their Motion for Reconsideration. On January 5, 2024, this Court entered an order granting as unopposed Attorney Ralston's

Separate from the reasons set forth in Responding Defendants' Motion for Reconsideration, the Court's September 18, 2023 preliminary injunction Order is unenforceable for several independent reasons, as explained further below.

## I. QUESTION PRESENTED

**A. Should the Court deny Plaintiffs' motion to show cause, which seeks to hold Responding Defendants in contempt for allegedly violating the Court's preliminary injunction order?**

**Suggested answer:** **Yes.**

## II. ARGUMENT

**A. The Court's preliminary injunction order should be dissolved or modified because it is an impermissible prejudgment attachment.**

The Court's September 18, 2023 preliminary injunction order should be dissolved because it is an impermissible prejudgment attachment. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 332-333, 119 S. Ct. 1961, 1974-1975 (U.S. 1999) (federal district courts lack the equitable power to enjoin prejudgment transfers of assets because such an equitable remedy did not exist at the time federal courts were created under the Judiciary Act of 1789); *see also In re Owens Corning*, 419 F.3d 195, 209 n.14 (3d Cir. 2005) (as amended Aug. 23, 2005, Sep. 2, 2005, Oct. 12, 2005, and Nov. 1, 2007). The requirement that a creditor obtain a prior judgment is a fundamental protection in debtor-creditor law. *Grupo Mexicano*, 527 U.S. at 330, 119 S. Ct. at 1973-1974. "[A]dding, through judicial fiat, a new and powerful weapon

[enjoining prejudgment transfers] to the creditor's arsenal . . . could radically alter the balance between debtor's and creditor's rights which has been developed over centuries through many laws—including those relating to bankruptcy, fraudulent conveyances, and preferences." *Id.* at 331, 119 S. Ct. at 1974.

As pointed out in Responding Defendants' Motion for Reconsideration, the facts in *Covertech Fabricating, Inc. v. TVM Bldg. Prod. Inc.*, 2017 WL 4863208, at *2-5 (W.D. Pa. 2017)—the unpublished district court decision relied upon by Plaintiffs to support entry of their drastic prejudgment attachment order—is readily distinguishable from the facts here. See Motion for Reconsideration (doc. 34) ¶¶ 91-92.

> **B.     The Court's preliminary injunction order is unenforceable because it fails to comply with the requirements of Fed. R. Civ. P. 52(a)(2) and 65(d).**

First, the Court's September 18, 2023 preliminary injunction order is unenforceable because it was issued *ex parte*, without the requisite showing, and fails to comply with the requirements of Fed. R. Civ. P. 52(a)(2) and 65(d).  Defendant Mitic had not yet been served with the summons and complaint on September 18, 2023 (doc. 15), and none of the Responding Defendants had counsel.

Rule 52(a)(2) provides that, "[i]n granting or refusing an interlocutory injunction," a district court must "state the findings and conclusions that support its action."  Meanwhile, Rule 65(d)—entitled, in relevant part, "Contents and Scope of Every Injunction"—specifies that "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail . . . the act or acts restrained or required."  *Wudi Indus. (Shanghai) Co. v. Wong*, 70 F.4th 183, 189 (4th Cir. 2023) (citing *Int'l*

3

*Longshoremen's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 75, 88 S. Ct. 201, 207-08 (1967)).

The above requirements are mandatory because appellate courts are entitled to understand the underpinnings of an injunction order and, without specificity, "review of an injunctive order is 'greatly complicated, if not made impossible.'" *Id.* (citing *CPC Intern., Inc. v. Skippy*, 214 F.3d 456, 459 (4th Cir. 2000) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 477, 94 S. Ct. 713, 715-16 (1974)). Rule 65(d) thus "serves the twin purposes of providing fair notice of what an injunction requires and of facilitating appellate review." *Id.*

In addition to complying with the above Rules of Civil Procedure, because injunctive relief is a "drastic and extraordinary remedy" to be utilized sparingly, the district court is duty bound to ensure that the party seeking injunctive relief has made the requisite showings, including: (1) that it has suffered an irreparable injury, (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) that the public interest would not be disserved by a permanent injunction. Wudi Indus., 70 F.4th at 190 (4th Cir. 2023) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006)).

Here, the terms of the injunction order are broad and vague. The injunction order prohibits Responding Defendants from "transferring, assigning, conveying, encumbering, pledging or otherwise disposing of any interest in real, personal, or intangible property outside the ordinary course of business or ordinary uses to pay household expenses until $4,941,037.18 is placed in escrow with the court or adequate security in favor of the plaintiffs is otherwise posted" by Responding Defendants. (Doc. 11, p.2, ¶ 2.) The order does not define what is meant

4

by "the ordinary course of business" and, in fact, that is precisely the issue raised by Plaintiffs in their motion. Defendant William Collins testified that he thought the challenged transfers were in the ordinary course of business. Plaintiffs' proposed solution is that Responding Defendants should clear in advance with the Court any proposed expenditures or asset transfers that they believe Plaintiffs will later question. Defendant Jonathan Jacobs entered into a stipulated modified injunction order entered by the Court, which prohibits him from reducing his net worth below a certain level (doc. 26). This Order is more clear. The problem is that Responding Defendants' individual net worth is—and has been—far below the amount of damages that Plaintiffs are seeking against them in this action. This fact is demonstrated by looking at the balance in Defendant Collins' personal and business bank statements as of September 18, 2023, as further explained in his discovery responses (attached to Plaintiffs' motion).

Next, the injunction order does not include specific findings, and a review of the transcript of the September 18, 2023 "hearing" reveals that there is little or no presentation of "evidence," and most of the twenty-five transcript pages is taken up with discussion of whether Responding Defendants were notified that the hearing was scheduled. Thus, even combining the injunction order with the transcript, as Plaintiffs propose, leaves the Court far short of the required elements of a valid and enforceable injunction order.

### C. The bond amount is too low given the broad scope of relief set forth in the Order.

Finally, assuming the Court does not—as is should—invalidate and dissolve the injunction order entirely, the amount of the bond set is too low given the broad scope of relief set forth in the Order. The Court decided, based solely on a colloquy with Plaintiffs' counsel at the end of the September 18, 2023 hearing that gave no substantive consideration of the potential

harm to Responding Defendants (who were not present), to set the bond amount at $25,000 as a condition of the injunction. (Doc. 11; *see also* doc. 82 (transcript of hearing.) Plaintiffs posted a bond for $25,000 with the Clerk of Court on October 18, 2023, making that the effective date of the injunction order. To the extent that the injunction order is still valid, given the breadth of relief, the bond amount should be increased at least to $500,000 because that is the amount that Plaintiffs seek to claw back from other creditors of Responding Defendants.

## III.    CONCLUSION

For all the reasons above, the Court should deny Plaintiff's Motion to Show Cause and should further dissolve the Court's September 18, 2023 preliminary injunction order.

Respectfully submitted,

Dated: September 4, 2024              **SMITH BUKOWSKI, LLC**

By:  /s/ Jeffrey D. Bukowski
Jeffrey D. Bukowski, Esquire
Attorney I.D. No. 76102
JBukowski@SmithBukowski.com
1050 Spring Street, Suite 1
Wyomissing, PA 19610
(610) 685-1600

*Attorneys for Defendants Igor Gorbach,*
*William Collins, Oleksandr Maydanskyy, Ucha*
*Matcharashvili, Milos Mitic, and Pavlo Tupychak*