Docusign Envelope ID: E23CCA72-988A-4BC9-9A07-15EEDB102107

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRIDKOR, LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 5:23-cv-03563-JLS |
| | : | |
| IGOR GORBACH, et. al., | : | |
| | : | |
| Defendants. | : | |

**RESPONSE OF MILOS MITIC IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Milos Mitic opposes Plaintiffs' August 26, 2024 motion for partial summary

judgment against him on Plaintiffs' claim that he breached the terms of a promissory note

(doc. 90). For the reasons below, supported by Mitic's attached declaration, Plaintiffs' motion

should be denied.

**I. QUESTION PRESENTED**

    **A.** **Should the Court deny Plaintiffs' motion for partial summary**
            **judgment against Milos Mitic because there is a genuine issue**
            **of material fact regarding the enforceability of the promissory**
            **note against him?**

**Suggested answer: Yes.**

**II. ARGUMENT**

    **A.** **The Court should deny Plaintiffs' motion for partial summary**
            **judgment because there is a genuine issue of material fact regarding**
            **the enforceability of the promissory note against Milos Mitic that**
            **precludes entry of judgment as a matter of law against him.**

Plaintiffs correctly state the standard for summary judgment. Plaintiffs fail to meet this

standard against Milos Mitic, however, because viewing the evidence in the light most favorable

to Mitic as the non-moving party, there are specific disputed issues of material facts regarding

1

the enforceability of the promissory note he initialed that create a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (U.S. 1986).

Mitic admits Plaintiffs' assertion that he initialed various pages of an April 6, 2023 agreement between Gridkor, LLC and a company named MGM Linehaul Inc. Plaintiffs' Motion at 4 (Statement of Undisputed Material Facts ("SOF") ¶ 2 (citing Verified Compl. ¶¶ 96, 225 & Ex. 7). Mitic denies, however, that he executed a promissory note attached as an Exhibit F to the April 6, 2023 agreement. Plaintiffs' Motion at 4 (SOF) ¶¶ 3, 7 (citing Verified Compl. ¶¶ 96, 196, 200, 204, 208, 212 & Ex. 7).

Mitic was not a party to the April 6, 2023 agreement, never worked for MGM, never knew anything about MGM (the company in the agreement) at the time, and never misrepresented anything to Plaintiffs or concealed anything from Plaintiffs about MGM or the agreement. Mitic Answer (doc. 85) ¶ 5; Declaration of Milos Mitic ("Mitic Decl.") ¶¶ 1-4.[1]

---

[1] Plaintiffs' complaint asserts the April 6, 2023 agreement that forms the basis of Plaintiffs' claims was entered into to resolve Plaintiffs' claim that there was a breach of a previous agreement dated September 1, 2022 (which closed in December 2022). *See* Compl. (doc. 1), ¶¶ 56-63 & Ex. 6 (Sep. 1, 2022 agreement), ¶¶ 64-85 (alleged breach of Sep. 1, 2022 agreement); ¶¶ 86-100 & Ex. 7) (formation of Apr. 6, 2023 agreement to resolve dispute over Sep. 1, 2022 agreement). Mitic was not a party to and did not negotiate, review, or sign the September 1, 2022 agreement. *See* Compl. Ex 6 (doc. 1-6) at 10 & 16 (signature pages). Thus, Mitic had nothing to gain and received no consideration from formation of the April 6, 2023 agreement or execution of a promissory note guaranteeing performance of the April 6, 2023 agreement. Mitic's prior counsel Attorney Ralston argued in his motion for reconsideration of the preliminary injunction order (doc. 34) that the Court should dissolve the preliminary injunction because Mitic (and other individuals) are not parties to the April 6, 2023 agreement, and the April 6, 2023 agreement did not require Mitic (and other individuals) to sign a promissory note (doc. 34 ¶¶ 24-45), that initialing and signature of the promissory notes was done under duress (doc. 34 ¶¶ 46-56), and the promissory notes are unenforceable against Mitic (and other individuals) because they received no consideration for execution of the promissory notes (doc. 34 ¶¶ 57-58). All of these arguments support denial of Plaintiffs' motion for partial summary judgment against Mitic.

Mitic admits he read and placed his initials "M.M." on the bottom of each page of the April 6, 2023 agreement (Compl. Ex. 7 (doc. 1-7) at 1-9), and also initialed the two pages of the promissory note that had his name on it (Compl. Ex. 7 (doc. 1-7) at 16-17). Mitic. Decl. ¶¶ 6-7. Mitic did not want to sign the April 6, 2023 agreement or the promissory note with his name on it attached as Exhibit F of the agreement. Mitic Decl. ¶ 5. Mitic never signed either the agreement or the promissory note, and his initials on them were to indicate only that he had read them. Mitic Answer (doc. 85) ¶¶ 3-6, 87, 96, 208-210; Mitic Decl. ¶¶ 5-7. At the time he initialed the promissory note, Plaintiffs' principals Michael Bryant and Paul Tobin told Mitic that his initialing the documents merely meant that he had read them. Mitic Answer (doc. 85) ¶¶ 87, 96; Mitic Decl. ¶ 11.

Plaintiffs' representatives Michael Bryant and Paul Tobin coerced Mitic to initial the agreement and promissory note under the threat of not leaving the Breinigsville, Pennsylvania office until he did so. Mitic Answer (doc. 85) ¶ 96; Mitic Decl. ¶ 8. The threat to leave reasonably caused Mitic to believe he had no other option but to initial the promissory note, and he was unable to consult with legal counsel before doing so. Mitic Decl. ¶¶ 8-10. At that point, Mitic initialed the note with his initials "M.M." Mitic Decl. ¶ 12. When he initialed the note, Mitic specifically told Plaintiffs' representatives that he was not agreeing to it. Mitic Decl. ¶ 13.

Summary judgment is inappropriate when there are genuine issues of material fact about whether a party agreed to the terms of a contract. *Ingersoll-Rand Financial Corp. v. Anderson*, 921 F.2d 497, 502 (3d Cir. 1990) (reversing district court's grant of summary judgment). The party opposing summary judgment motion need only "make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (U.S. 1985).

In *Ingersoll-Rand*, the Third Circuit reversed the trial court's grant of summary judgment on the plaintiff's claim to enforce a promissory note because the defendant's denied having signed the note, concluding the disputed authenticity and voluntariness of defendant's assent to the terms of the note created a genuine issue of material fact precluded summary judgment. *Ingersoll-Rand*, 921 F.2d at 501-502 (3d Cir. 1990). Similarly, in the present case, based on the above facts supported by Mitic's declaration, there are at least two genuine issues of material fact that preclude summary judgment against Mitic on Plaintiffs' claim under the promissory note: (1) whether Milos Mitic's placement of his initials on the promissory note indicate his agreement to its terms; and (2) whether Milos Mitic's placement of his initials on the promissory note was knowing and voluntary or the result of coercion or duress.

Under Pennsylvania law, formation of a valid contract requires the mutual assent of the contracting parties. *Trustmark Servs. Co. v. Feeney*, No. CV 20-3686, 2024 WL 869476, at *6 (E.D. Pa. Feb. 28, 2024) (quoting *Degenhardt v. Dillon Co.*, 669 A.2d 946, 950 (Pa. 1996)). Although Mitic admits he initialed the promissory note, he contends his initials were not an indication of his voluntary assent to the terms of the note. Mitic's contention is supported by the statements of Plaintiffs' representatives that his initialing the note only meant that he had read it, and by Mitic's express statement to Plaintiffs' representatives upon initialing the note that he was not agreeing to its terms. Mitic Decl. ¶¶ 11-13. Under these circumstances, there is a genuine issue of material fact as to whether Milos Mitic voluntarily assented to the terms of the promissory note.

Plaintiffs' claim that Mitic voluntarily assented to the terms of the promissory note is further undermined by Mitic's claim of coercion or duress. A party claiming duress must prove three elements: (1) a wrongful threat; (2) fear that induces a loss of free will and judgment; and

4

(3) that there was no immediate legal remedy available as an alternative to executing the agreement.  *See Hotel Emps. & Rest. Emps. Union v. Sage Hosp. Res., L.L.C., Loc. 57*, 299 F. Supp. 2d 461, 466 (W.D. Pa. 2003) (citing Warner–Lambert Pharmaceutical Co. v. Sylk, 471 F.2d 1137, 1143 (3d Cir.1972)).  Here, Mitic contends Plaintiffs' representatives wrongfully threatened not to leave the Breinigsville office until his initialed the promissory note, and that this threat made him feel like he had no other choice but to initial the note.  Moreover, Mitic did not have an opportunity to consult with legal counsel before initialing.

The above circumstances establish genuine issues of material fact as to whether Milos Mitic voluntarily assented to the terms of the promissory note, thereby precluding entry of partial summary judgment against him.

## III.     CONCLUSION

The Court should deny Plaintiff's motion for partial summary judgment against Milos Mitic because, at this stage of the case, there are genuine issues of material fact regarding whether Mitic voluntarily assented to the terms of the promissory note by initialing it and, even if he did, whether his assent was voluntary or given under duress.

Respectfully submitted,

Dated: September 23, 2024

Milos Mitic
championmilos@gmail.com

*Defendant Milos Mitic*

5

Docusign Envelope ID: E23CCA72-988A-4BC9-9A07-15EEDB102107

## DECLARATION OF MILOS MITIC

I, Milos Mitic, an adult individual, state the following facts in support of my response in opposition to Plaintiffs' motion for partial summary judgment:

1.      On April 6, 2023, I was at the Breinigsville, Pennsylvania office of the companies for which I worked at the time.

2.      That day, Gridkor, LLC representatives Paul Tobin and Michael Bryant came to the Breinigsville, Pennsylvania office, and Michael Bryant and Oleksandr Maydanskyy signed an agreement between Gridkor, LLC and MGM Linehaul Inc. ("MGM"), a copy of which is attached as Ex. 7 to Plaintiffs' Complaint.

3.      I did not work for MGM, never knew anything about MGM at the time, and I never misrepresented anything to Gridkor or its representatives about MGM or the agreement.

4.      I am not a party to and never signed the April 6, 2023 agreement.

5.      I did not want to sign either the April 6, 2023 agreement or the promissory note with my name on it attached as Exhibit F of the agreement.

6.      I placed my initials "M.M." on the bottom of each page of the April 6, 2023 agreement, Complaint Ex. 7, pp. 1-9, only to indicate that I had read those pages.

7.      I also initialed the two pages of the promissory note that had my name on it, Complaint Ex. 7 (Exhibit F), pp. 16-17, only to indicate that I had read those pages.

8.      Gridkor's representatives Paul Tobin and Michael Bryant Tobin coerced me to initial the agreement and promissory note under the threat of not leaving the Breinigsville, Pennsylvania office until I did so.

9.      Based on their threat not to leave, I reasonably believed that I had no other option other than to initial the promissory note.

1

10.     I did not have the opportunity to consult with legal counsel before initialing the promissory note.

11.     Gridkor's representatives Michael Bryant and Paul Tobin also told me that initialing these documents merely meant that I had read them.

12.     At that point, I initialed the note only with my initials "M.M."

13.     When I initialed the promissory note, I specifically told Gridkor's representatives Paul Tobin and Michael Bryant that I was not agreeing to the terms of the note.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2024

Milos Mitic
championmilos@gmail.com

*Defendant Milos Mitic*

2

Docusign Envelope ID: E23CCA72-988A-4BC9-9A07-15EEDB102107

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRIDKOR, LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 5:23-cv-03563-JLS |
| | : | |
| IGOR GORBACH, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Milos Mitic, certify that on this date, the foregoing Response in Opposition to

Plaintiff's Motion for Partial Summary Judgment was filed electronically and is available for

viewing and downloading from the Court's ECF system. An ECF Notice was generated and sent

to the below counsel for all parties who have consented to electronic service, which constitutes

service of the filed document on all such parties under Fed. R. Civ. P. 5(b)(2)(D):

| **<u>Counsel for Plaintiffs</u>** | **<u>Counsel for Defendant Jonathan Jacobs</u>** |
|---|---|
| Daniel Marino, Esquire | James E. Delbello, Jr., Esquire |
| dmarino@marinofinley.com | james.delbello@hklaw.com |
| Tillman J. Finley, Esquire | James Mangiaracina, Esquire |
| tfinley@marinofinley.com | jmangiaracina@polsinelli.com |

Dated: September 23, 2024

Milos Mitic
championmilos@gmail.com

*Defendant Milos Mitic*