**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GRIDKOR, LLC, et al.** | **:** | **CIVIL ACTION** |
| | **:** | |
| | **:** | |
| **v.** | **:** | **NO.  23-3563** |
| | **:** | |
| **IGOR GORBACH, et al.** | **:** | |

**O R D E R**

**AND NOW,** this 7th day of January, 2025, it is **ORDERED** that:

1. Plaintiff's motion for partial summary judgment and entry of final judgment [Doc. 90] is **GRANTED**.[1]

2. Judgment on Count X of the Verified Complaint is **ENTERED** in favor of Plaintiffs and against Defendant Igor Gorbach in the amount of $6,229,765.81 plus any additional penalties and interest that accrue in the interim between the filing of Plaintiffs' Motion and the entry of judgment and post-judgment interest thereafter;

3. Judgment on Count XI of the Verified Complaint is **ENTERED** in favor of Plaintiffs and against Defendant William Collins in the amount of $6,229,765.81 plus any additional penalties and interest that accrue in the interim between the filing of Plaintiffs' Motion and the entry of judgment and post-judgment interest thereafter;

4. Judgment on Count XII of the Verified Complaint is **ENTERED** in favor of Plaintiffs and against Defendant Oleksandr Maydanskyy in the amount of $6,229,765.81 plus any additional penalties and interest that accrue in the interim between the filing of Plaintiffs' Motion and the entry of judgment and post-judgment interest thereafter;

5. Judgment on Count XIII of the Verified Complaint is **ENTERED** in favor of Plaintiffs and against Defendant Milos Mitic in the amount of $6,229,765.81 plus any additional penalties and interest that accrue in the interim between the filing of

---

[1] The motion is granted as unopposed with respect to Defendants Gorbach, Collins, and Maydanksyy.

Plaintiffs' Motion and the entry of judgment and post-judgment interest thereafter[2]; and

6. Judgment on Count XIV of the Verified Complaint, is **ENTERED** in favor of Plaintiffs and against Defendant Ucha Matcharashvili in the amount of $6,229,765.81 plus any additional penalties and interest that accrue in the interim between the filing of Plaintiffs' Motion and the entry of judgment and post-judgment interest thereafter.[3]

---

[2] Defendant Mitic claims that because he only initialed but did not sign each page of the April 6, 2023 Agreement and initialed but did not sign both pages of the promissory note, he should not be bound by the terms of either document. However, an obligor's initials on a contract have the same effect as a full signature. *Hessenthaler v. Farzin*, 564 A.2d 990, 993 (Pa. Super. 1989) ("[T]here is no requirement in the Statute [of Frauds] or the decisional law that a signature be in any *particular* form. Instead, the focus has been on whether there is some reliable indication that the person to be charged with performing under the writing intended to authenticate it.") (emphasis in original); Restatement (Second) of Contracts § 134 (1981) (cmnt a) ("The traditional form of signature is of course the name of the signer, handwritten in ink. But **initials**, thumbprint or an arbitrary code sign may also be used; and the signature may be written in pencil, typed, printed, made with a rubber stamp, or impressed into the paper.") (emphasis added).

Defendant Mitic also claims that he did not want to initial the April 6, 2023 Agreement or promissory note and he did so only to indicate that I had read those pages. Under Pennsylvania law, "[t]he formation of a valid contract requires the mutual assent of the contracting parties." *Degenhardt v. Dillon Co.*, 543 Pa. 146, 669 A.2d 946, 950 (1996). It is also well-settled under Pennsylvania law that contracts are binding "without regard to whether the terms were fully understood by [the signer]." *Simeone v. Simeone*, 525 Pa. 392, 581 A.2d 162, 166 (Pa. 1990) ("Ignorantia non excusat."). "Indeed, if all it took to avoid a signed contract was to claim ignorance of its content or legal effect, 'contracts would not be worth the paper on which they are written.'" *MXM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 403 (3d Cir. 2020) (citation omitted). The fact that Mitic initialed each page of the April 6, 2023 Agreement and promissory note manifested his assent to be bound by the Agreement and promissory note.

[3] Defendant Matcharashvili claims that despite signing the promissory note, he "did not understand or intend to agree to any of the terms of the promissory note." (Doc. 102 at p. 7 ¶ 7.) For the reasons explained in Footnote #2, that argument is rejected.

Finally, Defendants Mitic and Matcharashvili claim they only signed or initialed the respective promissory notes because they were under duress. Specifically, they allege that "Paul Tobin and Michael Bryant [Plaintiffs' principals coerced" them to sign and/or initial the promissory notes and other documents "under the threat of not leaving the Breinigsville, Pennsylvania office until [they] did so." (Doc. 102 at p. 8 ¶ 8; Doc. 103 at p. 6 ¶ 8.) Matcharashvili and Mitic each state that "[b]ased on [ Tobin and Bryant's] threat not to leave, I reasonably believed that I had no other option other than to initial the promissory note." (Doc. 102 at p. 8 ¶ 9; Doc. 103 at p. 6 ¶ 9.)

Under Pennsylvania law, duress is defined as 'that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness.'" *Adams v. Adams*, 848 A. 2d 991, 993 (Pa. Super. 2004) (quoting *Strickland v. University of Scranton*, 700 A.2d 979, 986 (Pa. Super. 1997) (additional citation omitted)). There is no allegation that either Tobin or Bryant threatened Mitic or Matcharashvili with bodily harm nor prevented either Mitic or Matcharashvili from leaving their own office at any time. If Tobin and Bryant did indeed threaten not to leave Mitic and Matcharashvili's office until they signed the promissory notes, all Mitic and Matcharashvili had to do was call the police. The Court finds that no reasonable factfinder would consider

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

the alleged actions of Tobin and Bryant to be sufficient enough in severity or apprehension to constitute duress. *See, e.g., Radon Construction, LLC v. Land Endeavor* 0-2, Inc., 221 A.3d 654, 659-62 (Pa. Super. Ct. 2019) (affirming summary judgment ruling rejecting duress defense where defendant claimed coercion as a result of alleged statement that "if he left the meeting without signing the changed contract, the project would stop moving forward").